UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :     File No. 1:11-cr-42-jgm-1 |
| | : |
| TODD M. BOOKER,<br>　　　　Defendant. | :<br>:<br>: |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
(Doc. 26)

I.　　Introduction

Defendant Todd Booker (Booker or Defendant) moves to dismiss the one-count Indictment for lack of subject matter jurisdiction. (Doc. 26.) On May 5, 2011, Defendant was charged with knowingly failing to update his registration, required under the Sex Offender Registration and Notification Act (SORNA), as a sex offender in violation of 18 U.S.C. § 2250(a). (Doc. 1.) The government opposes the motion (Doc. 29); Defendant did not file a reply.

II.　　Discussion

Defendant asserts the indictment should be dismissed for any of the following reasons: (1) SORNA is unconstitutional because it violates the non-delegation doctrine; (2) SORNA is unconstitutional because it violates the ex post facto clause; (3) SORNA is unconstitutional because it violates the commerce clause; (4) SORNA is unconstitutional because it violates the Tenth Amendment; and (5) SORNA cannot be used to prosecute failure to register in Vermont because Vermont has not implemented SORNA. (Doc. 26.) The government refutes each of these contentions. (Doc. 29.) Furthermore, Defendant "recognizes that each of [his] arguments has been

rejected by Second Circuit precedent that is binding on this District Court."[1]  (Doc. 26 at 4 (citing United States v. Guzman, 591 F.3d 83 (2d Cir. 2010).)  As Defendant is correct that the recent decision in the Guzman case forecloses each of his arguments, his motion is denied. Guzman, 591 F.3d 83; see also United States v. Roy, No. 5:11-cr-109 (D. Vt. May 16, 2012) (order denying motion to dismiss indictment) (holding, inter alia, the indictment for failure to register under SORNA did not violate the ex post facto clause, commerce clause, Tenth Amendment, or non-delegation doctrine).

III.	Conclusion

Defendant's motion to dismiss (Doc. 26) is DENIED.  The Court will contact counsel to schedule a sentencing hearing.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of July, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[1] The Court notes the motion was filed and arguments raised "to preserve them in the event the Second Circuit precedent is overturned."  (Doc. 26 at 4.)

2